IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jared Schueller, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-108 |
| | ) | |
| v. | ) | |
| | ) | |
| Remington Arms Company, LLC | ) | **REPORT & RECOMMENDATION** |
| and Sporting Goods Properties, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants have moved to dismiss Count V of plaintiff's complaint, which alleges a claim for spoliation of evidence, and have also moved to strike plaintiff's prayer for relief to the extent it seeks punitive or exemplary damages. (Doc. #13) Plaintiff does not oppose the motion as it relates to the prayer for relief for punitive damages, but he does oppose the motion to dismiss the claim for spoliation of evidence. Both motions have been referred to the magistrate judge for preparation of a report and recommendation.

## SUMMARY OF RECOMMENDATIONS

Defendants' motion to dismiss Count V of plaintiff's complaint should be **GRANTED** because it is unlikely the North Dakota Supreme Court would recognize spoliation of evidence as an independent cause of action. Defendants' unopposed motion to strike the prayer for relief in plaintiff's complaint to the extent it seeks punitive damages should be **GRANTED WITHOUT PREJUDICE** to plaintiff seeking to amend the complaint to add a claim for punitive damages in accordance with N.D. Cent. Code § 32-03.2-11(1).

## FACTUAL BACKGROUND

Plaintiff claims to have suffered injuries when a Remington rifle unexpectedly discharged. The complaint alleges five causes of action: strict liability for defective product, strict liability for failure to warn, negligent design and manufacture, negligent failure to warn, and spoliation of evidence. The complaint seeks compensatory damages and punitive damages.

## MOTION TO DISMISS COUNT V

Plaintiff alleges in Count V of the complaint that defendants failed to preserve relevant and probative evidence, including "customer complaints, gun examination reports, committee minutes, internal memoranda, testing results, tested rifles, returned rifles and fire control systems removed from removed rifles." Complaint, Doc. #1, ¶ 43. Further, plaintiff contends common law provides a remedy for defendants' destruction of this evidence in the form of monetary damages for the reduction in value of plaintiff's claims or the increase in cost to plaintiff to prove the claims due to the destruction of the evidence, or alternatively, injunctive relief in the form of striking defendants' pleadings, prohibiting arguments by defendants, or resolving in plaintiff's favor those issues on which the destroyed evidence would be probative.

Under the doctrine of *Erie Railroad Co. v. Tompkins*, federal courts are required to apply state substantive law in actions where jurisdiction is based on diversity of citizenship, such as this action. *Erie Railroad,* 304 U.S. 64 (1938); *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). In situations where there is no controlling state law on an issue, the federal court must predict how the state's highest court would decide the issue if presented with it. *Raines v. Safeco Ins. Co.*, 637 F.3d 872, 875 (8th Cir. 2011). "In attempting to predict state law, a federal court may 'consider relevant state precedents, analogous decisions,

considered dicta, scholarly works, and any other reliable data . . ." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 612 (8th Cir. 2009), quoting *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3d Cir. 1980).

The parties do not dispute that North Dakota law applies in this case. The North Dakota Supreme Court has never directly addressed the issue of recognition of an independent tort claim for spoliation of evidence.[1] A few states do recognize an independent tort claim against a first party, i.e., a party to the litigation in which the destroyed evidence is relevant.[2] *See* 70 A.L.R.4th 984, § 2.5 (compiling a collection of cases). However, most states that have addressed the issue do not allow such a claim.[3] *Id.* The courts that do not allow an independent claim treat the

---

[1] As recognized by defendants, the North Dakota Supreme Court in *Simpson v. Chicago Pneumatic Tool Co.*, 693 N.W.2d 612, 617 (N.D. 2005), did not need to address the availability of a cause of action for spoliation of evidence. The court ruled that a party who lost a discovery dispute involving alleged spoliation of evidence in a prior legal action is precluded by principles of res judicata and collateral estoppel from relitigating the issue in a subsequent action alleging fraudulent concealment and misrepresentation concerning the unavailable evidence.

[2] The following states recognize an independent cause of action for first-party spoliation of evidence: Alaska–*Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986); Connecticut–*Rizzuto v. Davidson Ladders, Inc.*, 280 Conn. 225, 905 A.2d 1165 (2006); Ohio–*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993); West Virginia–*Hannah v. Heeter*, 213 W.Va. 704, 584 S.E.2d 560 (2003).

[3] The following states have specifically rejected an independent cause of action against a first-party tortfeasor for spoliation of evidence: Arizona–*Tobel v. Travelers Ins. Co.*, 988 P.2d 148 (Ariz. App. Div. 1, 1999), review denied, (Oct. 26, 1999); California–*Cedars-Sinai Med. Center v. Sup. Ct.*, 18 Cal.4th 1, 74 Cal. Rptr. 2d 248, 954 P.2d 511 (1998); Florida–*Martino v. Wal-Mart Stores, Inc.*, 908 So.2d 342 (Fla. 2005); Indiana –*Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349 (Ind. 2005); Kansas–*Superior Boiler Works, Inc. v. Kimball*, 259 P.3d 676 (Kan. 2011); Maryland–*Goin v. Shoppers Food Warehouse Corp.*, 166 Md. App. 611, 890 A.2d 894 (2006), cert. denied (Md. May 12, 2006); Minnesota–*Foust v. McFarland*, 698 N.W.2d 24 (Minn. Ct. App. 2005); Mississippi–*Dowdle Butane Gas Co. v. Moore*, 831 So.2d 1124 (Miss. 2002); Montana–*Oliver v. Stimson Lumber* Co. 297 Mont. 336, 993 P.2d 11 (1999); New Jersey–*Rosenblit v. Zimmerman*, 166 N.J. 391, 766 A.2d 749 (2001); New York–*Hillman v. Sinha,* 77 A.D.3d 887, 910 N.Y.S.2d 116 (App. Div. 2d Dep't 2010); Texas–*McIntyre v. Wilson*,

3

alleged spoliation as an evidentiary matter, noting that courts already possess the tools to sanction destruction of evidence by a party to the litigation without resorting to recognition of an independent tort cause of action. *See Martino v. Wal-Mart Stores, Inc.*, 908 So.2d 342, 346-47 (Fla. 2005); *Oliver v. Stimson Lumber Co.*, 297 Mont. 336, 993 P.2d 11, 17 (1999). Available remedies for such litigation misconduct include an adverse-inference jury instruction allowing the jury to infer the destroyed evidence would have been unfavorable to the spoliator, striking part or all of a party's pleadings, dismissal or entry of default judgment, preclusion of evidence, imposition of discovery sanctions, and contempt of court.[4] *Cedars-Sinai Medical Center v. Superior Ct.*, 18 Cal.4th 1, 954 P.2d 511, 517 (1998).

Plaintiff has presented no reason for this court to believe the North Dakota Supreme Court would not follow the strong majority of courts in ruling that no independent tort cause of action should be available for first-party spoliation. A full array of sanctions are available to North Dakota trial courts and to this court to remedy such alleged misconduct without creating a new tort claim. This court predicts the North Dakota Supreme Court would decline to recognize an independent tort of spoliation of evidence.[5]

---

50 S.W.3d 674 (Tex. App. Dallas 2001); Virginia–*Bass v. E.I. Dupont De Nemours & Co.*, 28 Fed. Appx. 201 (4th Cir. 2002).

[4]Some courts that do not allow first-party tort claims for spoliation of evidence do allow third-party claims, i.e., against non-parties who have allegedly breached a duty to preserve evidence. The rationale is that traditional evidentiary sanctions may not be available against a third-party spoliator. *See, e.g., Oliver v. Stimson Lumber Co.,* 297 Mont. 336, 993 P.2d 11, 18 (1999).

[5]Because the situation of non-party spoliation is not presented in this case, this court makes no prediction as to how the North Dakota Supreme Court would treat third-party spoliation of evidence.

Accordingly, **IT IS RECOMMENDED** that defendants' motion to dismiss Count V of the complaint should be **GRANTED.**

**MOTION TO STRIKE PRAYER FOR RELIEF FOR PUNITIVE DAMAGES**

Defendants' motion to strike the prayer for relief for punitive damages from the complaint is based upon plaintiff's failure to comply with the statutory requirements of N.D. Cent. Code § 32-03.2-11(1), which prohibits a complaint from seeking punitive damages upon commencement of an action. Rather, a punitive damages claim may only be asserted upon leave of court to allow such an amendment, on a showing by plaintiff "that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud or actual malice." N.D. Cent. Code § 32-03.2-11(1). This court has recognized that the procedural requirements of N.D. Cent. Code § 32-03.2-11(1) confer a substantive right on defendants by freeing them from allegations seeking punitive damages unless the court first screens the evidence to determine whether it is sufficient to justify presentation of such a claim to the trier of fact. *Myers v. Richland County*, 288 F.Supp.2d 1013, 1021 (D.N.D. 2003); *Nereson v. Zurich Ins. Co.*, 1992 WL 212233 at *1 and *2; 1992 U.S. Dist. LEXIS 12955 (D.N.D. 1992). Apparently recognizing the applicability of this requirement, plaintiff does not oppose the motion to strike.

Defendants' motion to strike should be granted. However, plaintiff should retain the right to present a properly documented motion to amend the pleadings to add a claim for punitive damages in accordance with N.D. Cent. Code § 32-03.2-11(1). Therefore, **IT IS RECOMMENDED** that defendants' motion to strike be **GRANTED WITHOUT PREJUDICE.**

Dated this 6th day of June, 2012.

                                               *S/    Karen K. Klein*
                                               Karen K. Klein
                                               United States Magistrate Judge

## **NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 59(b)(2), Federal Rules of Criminal Procedure, and District of North Dakota Local Court Criminal Rule 59.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court within fourteen (14) days after being served with a copy of this Report and Recommendation, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.